# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| **United States of America,** | ) | |
| | ) | No. **CR 10-707-TUC-DCB** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Tucson, Arizona |
| | ) | September 16, 2010 |
| **Fernando Delgado-Ornelas,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### BEFORE:  THE HONORABLE CHARLES R. PYLE, MAGISTRATE JUDGE

### TRANSCRIPT OF PROCEEDINGS

### CHANGE OF PLEA

**APPEARANCES:**
For the Plaintiff:
      U.S. Attorney's Office
      By:  **Joshua Cade Mellor,** Esq.
      405 West Congress Street, Suite 4800
      Tucson, Arizona 85701

For the Defendant:
      U.S. Attorney's Office Tucson
      By:  **Jennifer Jean Maldonado,** Esq.
      405 West Congress Street, Suite 4800
      Tucson, Arizona 85701

Spanish Interpreter:  Derek Sully

Transcriptionist:
Candy L. Potter
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 36
Phoenix, Arizona 85003-2151
(602) 322-7246

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcriptionist

1          THE CLERK:  In criminal matters 10-707, United States

2     versus Fernando Delgado-Ornelas, and 10-1752, Juan

3     Macedo-Santiago, on for felony changes of plea.

4          Counsel, please state your appearances.

5          MR. MELLOR:  Good afternoon, Your Honor, Josh Mellor

6     covering for Erica -- I'm sorry, Matthew Cassell on the

7     Macedo-Santiago matter, and for Erica McCallum in the

8     Delgado-Ornelas matter.

9          MS. MALDONADO:  Good afternoon, Your Honor,

10    Jennifer Maldonado appearing on behalf of Mr. Delgado-Ornelas,

11    who is present in custody and being assisted by the court's

12    interpreter.

13         MR. FELIX:  Good afternoon, Your Honor, Antonio Felix.

14    I represent Mr. Macedo.  He's in custody being assisted by the

15    interpreter.

16         THE COURT:  All right.  Good afternoon, Counsel,

17    Mr. Delgado and Mr. Macedo.

18         UNIDENTIFIED VOICE:  Good afternoon.

19         THE COURT:  I'm Charles Pyle, the magistrate judge

20    assigned to your cases.  And both of you have agreed to plead

21    guilty to a felony charge today.  Because you're pleading

22    guilty to a felony charge, you have the right to have the

23    hearing before a district judge, which is a higher ranking

24    judge.  But I have from each of you a consent form that

25    authorizes me to conduct your hearing today.

1          And, Mr. Delgado, you signed the consent form here in

2    the bottom left-hand corner; is that right?

3          MR. DELGADO-ORNELAS:  Yes.

4          THE COURT:  And you spoke to Miss Maldonado about that

5    before you signed it?

6          MR. DELGADO-ORNELAS:  Yes.

7          THE COURT:  Do you want me to accept this consent and

8    conduct your change of plea hearing today?

9          MR. DELGADO-ORNELAS:  Yes.

10         THE COURT:  And, Mr. Macedo, you also signed a consent

11   form; is that right?

12         MR. MACEDO-SANTIAGO:  Yes.

13         THE COURT:  And you spoke with Mr. Felix before

14   signing it; is that right?

15         MR. MACEDO-SANTIAGO:  Yes.

16         THE COURT:  Do you want me to accept that consent and

17   conduct your change of plea hearing today?

18         MR. MACEDO-SANTIAGO:  Yes.

19         THE COURT:  The balance of this hearing will be

20   conducted after both of you are placed under oath.  So it's

21   important you understand all my questions and you answer all of

22   them truthfully.  After you're placed under oath, if you answer

23   any of my questions falsely, you could face additional criminal

24   charges of perjury or making a false statement.

25         Do you both understand that?

```
 1              THE INTERPRETER:  Both yes.

 2              THE COURT:  All right.  If you'll both please stand,

 3    I'll have you placed under oath.

 4              THE CLERK:  Raise your right hands.

 5              (The defendants are sworn)

 6              THE COURT:  Have a seat, please.

 7              Fernando Delgado-Ornelas, is that your true name?

 8              MR. DELGADO-ORNELAS:  Yes.

 9              THE COURT:  How old are you, sir?

10              MR. DELGADO-ORNELAS:  Thirty-four.

11              THE COURT:  How far did you go in school?

12              MR. DELGADO-ORNELAS:  Up to second year of middle

13    school.

14              THE COURT:  In the last 48 hours have you had any

15    drugs, prescription medications or alcoholic beverages?

16              MR. DELGADO-ORNELAS:  No.

17              THE COURT:  Have you ever been treated for any mental

18    or emotional condition?

19              MR. DELGADO-ORNELAS:  No.

20              THE COURT:  Miss Maldonado, do you believe your client

21    is competent to enter a plea?

22              MS. MALDONADO:  Yes.

23              THE COURT:  And Juan Macedo-Santiago, is that your

24    true name?

25              MR. MACEDO-SANTIAGO:  Yes.
```

```
 1              THE COURT:  How old are you, sir?

 2              MR. MACEDO-SANTIAGO:  Thirty-four.

 3              THE COURT:  How far did you go in school?

 4              MR. MACEDO-SANTIAGO:  Sixth grade.

 5              THE COURT:  In the last 48 hours have you had any

 6  drugs, prescription medications or alcoholic beverages?

 7              MR. MACEDO-SANTIAGO:  No.

 8              THE COURT:  Have you ever been treated for any mental

 9  or emotional condition?

10              MR. MACEDO-SANTIAGO:  No.

11              THE COURT:  Mr. Felix, do you believe your client is

12  competent to enter a plea?

13              MR. FELIX:  Yes, Your Honor.

14              THE COURT:  Mr. Delgado, I have a written Plea

15  Agreement here, it looks to be nine pages long with your

16  signature here on page 8.  Is that correct?

17              MR. DELGADO-ORNELAS:  Yes.

18              THE COURT:  Did Miss Maldonado explain the Agreement

19  to you in Spanish before you signed it?

20              MR. DELGADO-ORNELAS:  Yes.

21              THE COURT:  Did she answer all your questions about

22  the Agreement?

23              MR. DELGADO-ORNELAS:  Yes.

24              THE COURT:  Do you understand the terms and conditions

25  of the Agreement?
```

1          MR. DELGADO-ORNELAS:  Yes.

2          THE COURT:  Do you agree to be bound by those terms

3    and conditions?

4          MR. DELGADO-ORNELAS:  Yes.

5          THE COURT:  Has anyone made any promises to you that

6    are not contained in this Agreement?

7          MR. DELGADO-ORNELAS:  No.

8          THE COURT:  Has anyone forced you, threatened you or

9    coerced you into pleading guilty?

10          MR. DELGADO-ORNELAS:  No.

11          THE COURT:  Are you doing so voluntarily?

12          MR. DELGADO-ORNELAS:  Yes.

13          THE COURT:  Are you doing so because you're guilty?

14          MR. DELGADO-ORNELAS:  Yes.

15          THE COURT:  Are you doing so because you think it's in

16    your best interests to plead guilty?

17          MR. DELGADO-ORNELAS:  Yes.

18          THE COURT:  Miss Maldonado, are there any agreements

19    between Mr. Delgado and the Government that are not in the Plea

20    Agreement?

21          MS. MALDONADO:  No, Your Honor.

22          THE COURT:  All right.  Mr. Macedo, I have a nine-page

23    agreement for you also.  And it looks like your signature here

24    in the middle of page 8.  Is that right?

25          MR. MACEDO-SANTIAGO:  Yes.

1           THE COURT:  Did Mr. Felix explain this Agreement to

2  you in Spanish before you signed it?

3           MR. MACEDO-SANTIAGO:  Yes.

4           THE COURT:  Did he answer all your questions about the

5  Agreement?

6           MR. MACEDO-SANTIAGO:  Yes.

7           THE COURT:  Do you understand the terms and conditions

8  of this Agreement?

9           MR. MACEDO-SANTIAGO:  Yes.

10           THE COURT:  Do you agree to be bound by those terms

11  and conditions?

12           MR. MACEDO-SANTIAGO:  Yes.

13           THE COURT:  Has anyone made any promises to you that

14  are not contained in this Agreement?

15           MR. MACEDO-SANTIAGO:  No.

16           THE COURT:  Has anyone forced you, threatened you or

17  coerced you into pleading guilty?

18           MR. MACEDO-SANTIAGO:  No.

19           THE COURT:  Are you doing so voluntarily?

20           MR. MACEDO-SANTIAGO:  Yes.

21           THE COURT:  Are you doing so because you're guilty?

22           MR. MACEDO-SANTIAGO:  Yes.

23           THE COURT:  Are you doing so because you think it's in

24  your best interests to plead guilty?

25           MR. MACEDO-SANTIAGO:  Yes.

1          THE COURT:  And, Mr. Felix, are there any agreements

2     between Mr. Delgado and the Government -- I'm sorry, Mr. Macedo

3     and the Government that are not in the Plea Agreement?

4          MR. FELIX:  No, Your Honor.

5          THE COURT:  Now, as to both of you, you've agreed to

6     plead guilty to the Indictment which charges you with illegal

7     reentry after deportation with a prior aggravated felony

8     conviction.  The maximum punishment for that offense is up to

9     20 years in prison.  The maximum fine is up to $250,000.  And

10    the mandatory assessment is up to $100.

11         In addition to those punishments, once you're released

12    from prison you'll face up to three years of supervised

13    release.  If during that time you violate any of the conditions

14    of release you could be returned to prison for up to three

15    years.

16         Do each of you understand this?

17         THE INTERPRETER:  Both yes.

18         THE COURT:  All right.  And, Mr. Delgado, you've

19    agreed to various sentencing ranges here on pages 2 and 3 of

20    your Plea Agreement.

21         And I assume -- is this a level 24 case?

22         MS. MALDONADO:  Yes, Your Honor.

23         THE COURT:  All right.  And the sentencing ranges that

24    will apply to you are there in the middle of page 2 under

25    Section A.  The most lenient range is 30 to 41 months in

1    prison.  It goes up in increments.  The most severe range is 63

2    to 87 months in prison.

3            The appropriate range would be determined at the time

4    of sentencing based on your criminal history.

5            Do you understand that, sir?

6            MR. DELGADO-ORNELAS:  Yes.

7            THE COURT:  And on page 3 at lines 22 and 23 it

8    indicates that the supervised -- that the Government will

9    terminate your supervised release term unsuccessfully, and thus

10   you will face no further punishment for this supervised release

11   violation in connection with the case out of the Western

12   District of Missouri.

13           Do you understand that?

14           MR. DELGADO-ORNELAS:  Yes.

15           THE COURT:  Mr. Macedo, you also have agreed to

16   various ranges of sentence on pages 2 and 3 of your Plea

17   Agreement.

18           Mr. Felix, is there -- was he on federal supervised

19   release at the time of this incident?

20           MR. FELIX:  No, Your Honor, it's not an issue.

21           THE COURT:  All right.  So then, Mr. Macedo, you'll

22   look at one of those six sentence ranges there in the middle of

23   page 2.  And the most lenient range is 30 to 37.  It goes up in

24   increments.  The most severe range is 63 to 78 months.

25   Judge Jorgenson will determine the appropriate range at the

1    time of sentencing based on your criminal history.

2            Do you understand that, sir?

3            MR. MACEDO-SANTIAGO:  Yes.

4            THE COURT:  Now as to both of you the Federal

5    Sentencing Guidelines apply to your case, and the district

6    judge must consider the guidelines when determining your

7    sentence.  But the guidelines are advisory.  Under certain

8    circumstances the judge can sentence you to a term in prison

9    that's longer or shorter than what's called for in the Plea

10   Agreement -- or called for in the Sentencing Guidelines,

11   rather.

12           Do both of you understand that?

13           THE INTERPRETER:  Both yes.

14           THE COURT:  The judge is also not bound by the Plea

15   Agreement you have with the Government.  But before the judge

16   could sentence you to a term in prison that's longer than

17   what's permitted by the Plea Agreement, the judge is required

18   to give you the opportunity to withdraw from your plea of

19   guilty and you'll proceed to a jury trial.

20           Do each of you understand this?

21           THE INTERPRETER:  Both yes.

22           THE COURT:  If you were to commit another crime here

23   in the United States, this felony conviction could be used

24   against you to increase the length of the sentence you'd

25   receive on the new charge.

1          Do you each understand this?

2          THE INTERPRETER:  Both yes.

3          THE COURT:  Here on page 4 of your Plea Agreements

4    you've agreed in writing to give up your appeal rights.  That

5    means you're giving up the right to appeal the conviction,

6    you're giving up the right to appeal the sentence imposed if

7    the sentence is permitted by the Plea Agreement, and you're

8    giving up the right to file a petition for writ of habeas

9    corpus to challenge the sentence.

10          Do you understand that?

11          THE INTERPRETER:  Both yes.

12          THE COURT:  By pleading guilty to illegal reentry

13   after deportation you're admitting the validity of the prior

14   deportation.  And you're also agreeing to the administrative

15   reinstatement of the prior order of removal.

16          Do you understand this?

17          THE INTERPRETER:  Both yes.

18          THE COURT:  As persons accused of a crime in the

19   United States you have certain constitutional rights.  I'm

20   required by law to go over those rights with you before I

21   accept your plea of guilty.

22          First is the right to be represented by an attorney.

23   Miss Maldonado and Mr. Felix represent you.  They'll represent

24   you until your case is completed.

25          Mr. Delgado, are you satisfied with the work of your

1    lawyer in your case?

2            MR. DELGADO-ORNELAS:  Yes.

3            THE COURT:  And, Mr. Macedo, are you satisfied with

4    the work of your lawyer in your case?

5            MR. MACEDO-SANTIAGO:  Yes.

6            THE COURT:  You're both entitled to a jury trial, a

7    trial before 12 people randomly selected from the citizens of

8    this jurisdiction.  You can only be convicted if there was a

9    unanimous verdict of guilty.

10           Do you both understand that?

11           THE INTERPRETER:  Both yes.

12           THE COURT:  You have the right to be presumed

13   innocent, which means you do not have to prove that you're

14   innocent in order to be found not guilty.  Instead the burden

15   of proof is always on the Government to prove your guilt beyond

16   a reasonable doubt.

17           Do you understand this?

18           THE INTERPRETER:  Both yes.

19           THE COURT:  Proof beyond a reasonable doubt means the

20   Government must establish almost to a certainty each and every

21   element of the charges against you.  In your cases the

22   Government must prove --

23           Well, Mr. Delgado, in your case the Government must

24   prove these four elements:

25           First, that you're a citizen of a country other than

1    the United States.

2          Secondly, that you were deported through El Paso,

3    Texas on June 3rd, 2006.

4          Third, that you were found back here in the United

5    States near Nogales, Arizona on March 10th, 2010.

6          And you did not have the permission of the

7    United States Government to come back to this country at that

8    time.

9          Do you understand the charge against you -- or do you

10   understand the Government has to prove those elements beyond a

11   reasonable doubt?

12          MR. DELGADO-ORNELAS:  Yes.

13          THE COURT:  And, Mr. Macedo, you're charged with

14   attempted reentry after deportation.  The Government has to

15   prove four elements.

16          Mr. Felix, do you know, is this a continuance

17   surveillance case or a false declaration case, do you know?

18          Josh, it's not your case; right?

19          MR. MELLOR:  It is not, but I'll find out for you,

20   Judge.

21          THE COURT:  Why don't you just -- did he come

22   through --

23          MR. MELLOR:  Your Honor, it was a continuance

24   surveillance case.

25          THE COURT:  So, Mr. Macedo, the Government will have

1    to prove that, firstly, you're an alien, a citizen of a country

2    other than the United States.

3         That you were deported through Hidalgo, Texas on March

4    19th of this year.

5         That you voluntarily attempted to come back to the

6    United States on June 27th near Nogales, Arizona.  And that you

7    were apprehended almost immediately by Border Patrol.

8         And that at that time you did not have the permission

9    of the United States Government to come back to this country.

10        The Government must prove those elements beyond a

11   reasonable doubt.  Do you understand that, sir?

12        MR. MACEDO-SANTIAGO:  Yes.

13        THE COURT:  Both of you have the right to force the

14   Government to present their witnesses in court, to testify in

15   your presence.  Your lawyer will be given the opportunity to

16   question the witnesses under oath.

17        Do you both understand that?

18        THE INTERPRETER:  Both yes.

19        THE COURT:  You have the right to present your own

20   defense, call your own witnesses and subpoena witnesses.

21        Do you understand that?

22        THE INTERPRETER:  Both yes.

23        THE COURT:  You have the right to remain silent.  No

24   one can force you to answer questions, and I cannot

25   consider -- or the jurors will be instructed they cannot

```
 1    consider your silence in determining whether you're guilty or

 2    innocent.

 3              Do you understand that?

 4              THE INTERPRETER:  Both yes.

 5              THE COURT:  And finally, do you understand that once

 6    your plea of guilty is accepted by the district judge, you will

 7    not be permitted to withdraw from your plea of guilty except

 8    under the circumstances we talked about a few minutes ago?

 9              Do you understand that?

10              THE INTERPRETER:  Both yes.

11              THE COURT:  Miss Maldonado, do you believe your client

12    understands his rights and the consequences of a change of

13    plea?

14              MS. MALDONADO:  Yes, Your Honor.

15              THE COURT:  Mr. Felix, do you believe Mr. Macedo

16    understands his rights and the consequences of a change of

17    plea?

18              MR. FELIX:  Yes, I do, Judge.

19              THE COURT:  Mr. Delgado, do you understand that if you

20    plead guilty this afternoon you're going to give up your right

21    to a jury trial and these other rights we just talked about?

22              MR. DELGADO-ORNELAS:  Yes.

23              THE COURT:  Is that what you want to do, sir, you want

24    to give up those rights and plead guilty?

25              MR. DELGADO-ORNELAS:  Yes.
```

1          THE COURT:  And, Mr. Macedo, do you also wish to give

2     up your right to a jury trial and these other rights we talked

3     about and enter a plea of guilty at this time?

4          MR. MACEDO-SANTIAGO:  Yes.

5          THE COURT:  All right.  Mr. Delgado, let me explain

6     the charge against you in the Indictment.

7          The Indictment charges you with illegal reentry after

8     deportation.  The Indictment references sentencing enhancement

9     provisions for a prior aggravated felony conviction.

10          The Indictment alleges that you're an alien, a citizen

11     of a country other than the United States.

12          That you were deported through El Paso, Texas on June

13     3rd, 2006.

14          And found back here in the United States near Nogales,

15     Arizona on March 10th, 2010.

16          And that you did not have the permission of the United

17     States Government to come back to this country at that time.

18          Mr. Delgado, do you understand the charge against you

19     in the Indictment?

20          MR. DELGADO-ORNELAS:  Yes.

21          THE COURT:  As to that charge do you wish to enter a

22     plea of guilty or not guilty?

23          MR. DELGADO-ORNELAS:  Guilty.

24          THE COURT:  And, Mr. Macedo, in your case you're

25     charged with attempted reentry after deportation.

1          The allegation is that you're an alien, a citizen of a

2   country other than the United States.

3          That you were deported through Hidalgo, Texas on March

4   19th of this year.

5          And that you on June 27th voluntarily attempted to

6   illegally enter the United States near Nogales, Arizona.

7          And that you did not have the permission of the United

8   States Government to come back to this country at that time.

9          Do you understand the charge against you in the

10  Indictment?

11         MR. MACEDO-SANTIAGO:  Yes.

12         THE COURT:  As to that charge do you wish to enter a

13  plea of guilty or not guilty?

14         MR. MACEDO-SANTIAGO:  Guilty.

15         THE COURT:  And, Mr. Delgado, let me ask you a few

16  questions.

17         What country are you a citizen, sir?

18         MR. DELGADO-ORNELAS:  Mexico.

19         THE COURT:  Do you have any papers that allow you to

20  enter the United States lawfully?

21         MR. DELGADO-ORNELAS:  No.

22         THE COURT:  On November 20th of 2003 were you

23  convicted of conspiracy to distribute a controlled substance?

24         MR. DELGADO-ORNELAS:  Yes.

25         THE COURT:  And you were sentenced to four years in

1    prison and five years supervised release; is that right?

2           MR. DELGADO-ORNELAS:  Yes.

3           THE COURT:  When you got out of prison were you turned

4    over to the Immigration Service?

5           MR. DELGADO-ORNELAS:  Yes.

6           THE COURT:  Did they have you deported through

7    El Paso, Texas on June 3rd, 2006?

8           MR. DELGADO-ORNELAS:  Yes.

9           THE COURT:  Did you voluntarily return to the United

10   States after that?

11          MR. DELGADO-ORNELAS:  Yes.

12          THE COURT:  Were you found here near Nogales, Arizona

13   on March 10th of this year?

14          MR. DELGADO-ORNELAS:  Yes.

15          THE COURT:  And at that time were you still serving

16   that five-year supervised release term from the case in the

17   Western District of Missouri?

18          MR. DELGADO-ORNELAS:  Excuse me?

19          THE COURT:  When you were arrested on March 10th, were

20   you still serving the supervised release from your conviction

21   in the Western District of Missouri?

22          MR. DELGADO-ORNELAS:  Yes.

23          THE COURT:  Mr. Macedo, of what country are you a

24   citizen?

25          MR. MACEDO-SANTIAGO:  Mexico.

1          THE COURT:  Do you have any papers allowing you to

2    enter the United States lawfully?

3          MR. MACEDO-SANTIAGO:  No.

4          THE COURT:  Were you convicted of armed robbery on

5    July 25th of 2003?

6          MR. MACEDO-SANTIAGO:  Yes.

7          THE COURT:  In what city was that?

8          MR. MACEDO-SANTIAGO:  Milwaukee.

9          THE COURT:  Were you represented by a lawyer in that

10   case?

11         MR. MACEDO-SANTIAGO:  Yes.

12         THE COURT:  And were you sentenced to three years in

13   prison and three years supervision?

14         MR. MACEDO-SANTIAGO:  Yes.

15         THE COURT:  Is it also true that you were deported

16   through Hidalgo, Texas on March 19th, 2010?

17         MR. MACEDO-SANTIAGO:  Yes.

18         THE COURT:  And did you voluntarily return to the

19   United States after that?

20         MR. MACEDO-SANTIAGO:  Yes.

21         THE COURT:  And did you attempt to illegally enter the

22   United States near Nogales, Arizona on June 27th?

23         MR. MACEDO-SANTIAGO:  Yes.

24         THE COURT:  And it was by crossing the border away

25   from the port out in the desert; is that right?

1          MR. FELIX:  It was in Nogales, Your Honor.

2          THE COURT:  It was in the city?

3          MR. FELIX:  But it was away from the port of entry,

4    and he was under surveillance, made it to a neighborhood, but

5    was under constant surveillance until the foot patrol caught up

6    with him.

7          THE COURT:  Is that right, Mr. Macedo?

8          MR. MACEDO-SANTIAGO:  Yes.

9          THE COURT:  All right.  And did you have the

10   permission of the United States Government to come back to this

11   country at that time?

12         MR. MACEDO-SANTIAGO:  No.

13         THE COURT:  Mr. Mellor, anything you want to add to

14   the factual basis?

15         MR. MELLOR:  Nothing further, Your Honor.

16         THE COURT:  The Court finds the defendants guilty of

17   illegal reentry after deportation.  There's a factual basis for

18   the pleas.  The pleas are entered into knowingly,

19   intelligently, voluntarily, without coercion or promises other

20   than those in the written agreement of the parties.

21         These findings and recommendations are referred to the

22   district judge.

23         The parties have 14 days to file written objections.

24         A presentence report is ordered for both defendants.

25         The matter of Fernando Delgado-Ornelas is set for

1    sentencing before the Honorable David C. Bury on December 17,

2    2010, at 10:15 a.m.  It's December 17 at 10:15.

3           The matter of Juan Macedo-Santiago is set for

4    sentencing before the Honorable Cindy K. Jorgenson on December

5    14, 2010, at 9:00 a.m.  That's December 14th at 9:00 a.m.

6           All right.  Thank you, Counsel.  You're excused.

7           MS. MALDONADO:  Thank you, sir.

8           MR. FELIX:  Thank you, Your Honor.

9           MR. MELLOR:  Thank you, Your Honor.

10

11                            -oOo-

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4                        C E R T I F I C A T E

5

6          I, CANDY L. POTTER, court-approved transcriber,

7    certify that the foregoing is a correct transcript from the

8    official electronic sound recording of the proceedings in the

9    above-entitled matter.

10

11         DATED at Phoenix, Arizona, this 28th day of December,

12   2011.

13

14

15

16                              s/Candy L. Potter__

17                              Candy L. Potter

18

19

20

21

22

23

24

25